ROSARIO CAMMARATA, ADMINISTRATOR, ETC., APPELLANT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, RESPONDENT.

Argued October 19, 1939—Decided January 25, 1940.

For the appellant, *Gaudielle & Shuart* (*James A. Major*, of counsel).

For the respondent, *Henry H. Fryling* (*William H. Speer*, of counsel).

The opinion of the court was delivered by

PARKER, J. This is a case arising under the "Death act" (*R. S.* 2:47) dating in this state from 1848 (*Pamph. L., p.* 151) which established a right of action for injury causing death. Since 1917 the statute has required that in cases of intestacy the action is to be "in the name of an administrator *ad prosequendum* of the decedent." *Pamph. L.* 1917, *p.* 531; *R. S.* 2:47-2. Plaintiff is the father of Salvatore Cammarata, who was, as claimed, fatally injured by negligence of an employe of the defendant-respondent, on or about May 20th, 1936, and died that day or the next day. The action was begun July 23d, 1936, and the summons and complaint show that it was brought in the name of Rosario as administrator *ad prosequendum;* the complaint alleged the issue of letters of administration *ad prosequendum* and made profert of them. The answer did not deny the averment but under rule 34 left plaintiff to his proof. At the trial, on October 10th, 1938, more than two years after the death, and therefore after the period of limitation had run (*R. S.* 2:47-3) it developed that when the action was begun there had been no appointment of an administrator *ad prosequendum;* that on July 22d, 1936, a day before the action was begun, an application for such letters had been filed with the surrogate, but that the letters had not actually issued until the morning of the trial. As we read the stenographic transcript, the court held that, in view of the conceded facts, the plaintiff had no standing as such; the letters of administration dated October 10th, 1938, were excluded from evidence, and a nonsuit was ordered. The exclusion of the letters, and the nonsuit, are the grounds of appeal.

We think the rulings were erroneous. It is undeniable that viewed technically, the omission to proceed with the application for letters in July, 1936, and the institution of an

action in which it was averred that such letters had been issued, were flagrantly irregular. The reason for failure to proceed is not explained. But from a meritorious point of view, the delay worked no harm, legal or otherwise, to the defendant. The statute required an action to be brought within two years; originally the period was twelve months. The present action was brought within just over two months, so that the defendant had timely notice of the claim and every opportunity to meet it. The statute requires the suit to be "in the name of an administrator *ad prosequendum;*" the record of this cause so reads. The statute says that no payment in settlement or in satisfaction of judgment shall be made except to a general administrator. The administrator *ad prosequendum* seems to be a mere statutory agency; "a mere trustee to bring and conduct the action." *Loughney* v. *Thomas,* 117 *N. J. L.* 169, 173. We think the present case is to be decided on the same general ground as the case of *Wilson* v. *Dairymen's League,* 105 *Id.* 188. In that case, as in this, when the action was begun there was no administratrix *ad prosequendum.* More than two years afterward, one was appointed; and at the trial the record, which up to that time had indicated on its face a suit by a general administratrix, and in fact was such a suit, was amended by substituting an administratrix *ad prosequendum,* appointed long after the suit was begun.

In the Wilson case we called attention (at *pp.* 190, 191), to statutes of amendment; and to the case of *Giardini* v. *McAdoo,* 93 *N. J. L.* 138, where the proper plaintiff was substituted; and supported the substitution of an administratrix *ad prosequendum* for a general administratrix, who was not entitled to recover at all. In the case at bar the claim is, and throughout has been, for recovery of a judgment by a special administrator who cannot even collect a judgment if and when recovered. At the trial it was not even necessary to amend the record; all that was required was to recognize *nunc pro tunc* the party entitled to bring and maintain the action and in whose name the record then read and always had read. That there had been negligence, or blundering, or both, on the part of the original attorney for the plaintiff,

who later dropped out of the case, seems plain enough. But as further pointed out in the *Wilson* case, the policy of modern law in this state has been to strive for a hearing and decision on the merits and to subordinate matters of form not affecting the merits. In the Practice act of 1903 (*Pamph. L.,* at *p.* 569) there is a subtitle "Neglect of Attorney" which illustrates the policy.

We conclude that the neglect of the plaintiff or his attorneys to take out letters of administration *ad prosequendum* before beginning suit in the name of such administrator was a technical error; that defendant was not harmed thereby—and indeed seems to have defended on the merits until the trial—and that under the circumstances the error was curable by the issue of the letters offered in evidence and rejected.

The judgment will therefore be reversed, to the end that a *venire de novo* issue. No costs will be allowed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 16.